STATE of Maine

v.

**Harry A. TRACY.**

Supreme Judicial Court of Maine.

April 24, 1979.

Michael E. Povich, Dist. Atty., Bronson Platner (orally), Asst. Dist. Atty., Ellsworth, for plaintiff.

Markos & Roy by James L. Markos, Jr. (orally), Ellsworth, for defendant.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

Defendant Harry Tracy was indicted on October 4, 1977, for Armed Criminal Threatening (17–A M.R.S.A. § 209, Class C)[1] and Armed Reckless Conduct (17–A M.R.S.A. § 211, Class C).[2] Defendant filed pre-trial motions for a bill of particulars and to dismiss the indictment. Both motions were denied. A Hancock County Superior Court jury found him not guilty of the crimes alleged but guilty of Simple Criminal Threatening (Class D) and Simple Reckless Conduct (Class D). Defendant appeals from the judgments of conviction, contending that the indictment is fatally defective. We deny the appeal.

The indictment of appellant Tracy charged as follows:

"COUNT I

"That on or about the fourteenth day of August, 1977, in the Town of Southwest

---

1. Section 209 of Title 17–A (Supp.1978) provides in pertinent part:

    "1. A person is guilty of criminal threatening if he intentionally or knowingly places another person in fear of imminent bodily injury."

2. Section 211 of Title 17–A (Supp.1978) provides in pertinent part:

    "1. A person is guilty of reckless conduct if he recklessly creates a substantial risk of serious bodily injury to another person."

Harbor, County of Hancock, and State of Maine, HARRY A. TRACY, while armed with a dangerous weapon, to wit, a firearm, did intentionally or knowingly place the said JACK GILLEY in fear of imminent bodily injury.

"COUNT II

"That on or about the fourteenth day of August, 1977, in the Town of Southwest Harbor, County of Hancock, and State of Maine, HARRY A. TRACY, while armed with a dangerous weapon, to wit, a firearm, did recklessly create a substantial risk of serious bodily injury to the said JACK GILLEY."

In view of the careful draftsmanship of the Maine Criminal Code, Title 17–A, and the emphasis on precise definitions, it is both reasonable and desirable that the statutory language be used in criminal pleadings, provided that sufficient additional facts are alleged to apprise the accused adequately of the criminal act charged.

Both counts of the present indictment described the offense alleged in the language of the statute, adding the date and place of occurrence, the person who was placed in fear or endangered, and that the alleged criminal acts were committed by the accused while he was armed with a firearm. We think the indictment adequately informed the appellant of the essential facts constituting the offenses charged. See State v. Davis, Me., 398 A.2d 1218 (1979).

The entry is:

Appeal denied.

Judgment affirmed.

WERNICK, J., did not sit.

